DONALD J. O'CONNELL *v.* ELIZABETH B. McDONALD

CIRCUIT COURT SIXTEENTH CIRCUIT
FILE No. CV 16-634-2014

Memorandum filed October 3, 1963

*Luby, Murphy & Marsh,* of Hartford, for the plaintiff.

*Edward C. Krawiecki,* of Hartford, for the defendant.

KOSICKI, J. The defendant has demurred to the complaint on the following grounds: (1) Misjoinder of causes of action; (2) failure to allege sufficient grounds for action against the defendant in her fiduciary capacity; and (3) absence of any allegations that the defendant individually or otherwise received from the plaintiff the amount claimed, that the defendant was ever paid said amount in her fiduciary capacity, that the plaintiff has the right to recover a debt owed to a corporation of which he was an officer, and that the written leases are silent as to the claimed security deposit for the payment of rentals.

A demurrer searches the record. The leases referred to herein were filed in court in response to a motion for oyer and were made part of the file. The complaint alleges that the plaintiff, in his capacity as president of O'Connell's Y Drug, Inc., entered into a written lease with decedent William McDonald for the lease of portions of a building occupied by the drug company and located on Pine Street in Bristol. The lease was entered into on June 1, 1957, for a term of two years and was executed by William H. McDonald as executor of the estate of Dorothy V. McDonald and as her sole heir. The lease provided for an option on the part of the

lessee to renew for a further period of five years at an increased rental. On June 1, 1959, a lease was executed by the drug company and by Elizabeth McDonald, the defendant, individually and as executrix of the estate of William H. McDonald. This lease was for a period of five years. During the term of the second lease, on January 2, 1963, the building occupied by the leased premises was destroyed by the defendant. The complaint alleges that on or about April 29, 1957, the plaintiff paid to the decedent William McDonald the sum of $1000, representing security for the prompt and full payment of rent during the occupancy of the premises.

As to the first ground of demurrer, it appears that the claimed defect is not a misjoinder of two or more causes of action which cannot properly be united in one complaint, but rather that of improperly combining two or more causes of action in one count. Practice Book, 1951, § 99. The correct remedy in such case is a motion to separate rather than a demurrer.

The second ground of demurrer appears to be well taken. The allegations of a complaint should fairly apprise the adverse party of the state of facts which the plaintiff intends to prove. It is not enough to allege generally that the defendant is being sued individually and in a representative capacity; the allegations must show facts from which the liabilities in either case may flow, and among such facts are those relating to the defendant's status, representative capacity, and obligations, if any, by virtue of that capacity. To show these facts, of course, it is necessary to separate the causes of action into different counts in order that an issue may be created as to each cause of action. These issues may not be the same with regard to a claim against the defendant as an individual and an asserted claim against her as executrix of an estate.

It becomes unnecessary to consider the third ground of demurrer. Much of this paragraph is concerned with evidential matter and seeks to import facts extraneous to the complaint. A speaking demurrer is not recognized in our practice.

The demurrer is sustained on the second ground.